[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MOTION FOR RECONSIDERATION
Pursuant to § 4121 of the Practice Book, the defendants respectfully move for reconsideration of the court's denial of their petition for certification, for the reason that various statements of fact made in the plaintiffs' statement in opposition to the petition for certification were inaccurate and misleading; and if such inaccuracies have misled this court into denying the petition, then it should be reconsidered.
HISTORY OF THE CASE
The defendants filed their petition for certification claiming, as the basis thereof, that the trial court clearly missed by 43 days the 120-day requirement for rendering judgment after completion of the trial.
The sole reason for the trial court's denial of the motion for mistrial was that the 120-day period never started to run, because even though the trial court took 163 days after the completion of the trial to render its decision awarding the plaintiffs substantial damages and punitive damages, it left open the issue of attorney's fees. CT Page 4845
Nowhere in the record, as the plaintiffs claim, did the trial court ever state that it received the transcript late, or that its decision was rendered within 120 days of its receipt of the transcript. Plaintiffs' representations to this effect are not supported by any pages of the transcript and are inaccurate.
SPECIFIC FACTS RELIED ON
The plaintiffs have made inaccurate assertions of fact, which the defendants believe have caused this court to deny their petition for certification. Nowhere did the trial court ever state that it rendered a decision within 120 days of the completion of the transcript it ordered.
LEGAL GROUNDS RELIED ON
§ 4121 of the Practice Book specifically provides for a motion for reconsideration. Because this court may have been misled by inaccurate factual assertions made by the plaintiffs not supported by the record, the court should reconsider its denial of the petition for certification.
THE DEFENDANTS
By MAX F. BRUNSWICK Their Attorney
129 Church Street 129 New Haven, CT 06510 (203) 562-4024 Juris No. 06987
Certified by mail 4-3-98 to:
Barry S. Zitser, Esq., 207 Main Street, Hartford, CT 06106. Telephone number 860-527-0550; Fax number 724-0805; Juris number 103021.
Richard Tarro and Katherine Tarro, 9 Sunnyledge, New Britain, CT 06052
MAX F. BRUNSWICK